FILED

2005 Feb-24  AM 08:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLOVIS HARRIS, JR., | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-00073-S |
| | ] | |
| STATE FARM FIRE & CASUALTY | ] | |
| INSURANCE COMPANY, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration defendant State Farm Fire and Casualty Company's ("State Farm") motion for partial summary judgment.  (Doc. 25.) The plaintiff, Clovis Harris, Jr., has filed suit against State Farm for bad faith failure to pay an insurance claim, breach of contract, negligent claim handling, fraud, and negligent supervision; he also included a fictitious party claim.  (Doc. 1.)  State Farm has moved for summary judgment on Plaintiff's bad faith, negligent claim handling, fraud, negligent supervision, and fictitious party claims.  (Docs. 24, 26.)  The issues raised in Defendant's motion have been briefed by both parties and are now ripe for decision.

Page 1 of  9

Upon full consideration, Defendant's motion is due to be granted on Plaintiff's bad faith, negligent claim handling, and fraud claims. Defendant's motion is moot as it pertains to Plaintiff's fictitious party claim, and, by agreement of the parties, Plaintiff's negligent supervision claim is dismissed with prejudice.

II.     Facts.[1]

On December 3, 2002, a fire and explosion caused extensive damage to Plaintiff's residence.  Less than a month prior to the fire and explosion, Mr. Harris obtained a policy of insurance from State Farm that insured the contents of his residence, but not the dwelling itself.  This insurance policy was in effect on December 3, 2002.  An investigation of the origin of the fire revealed that the explosion was not accidental in nature.  Plaintiff denies that he set fire to the dwelling, but on August 11, 2003, State Farm formally denied Plaintiff's insurance claim.  State Farm stated its reasons for denying payment as follows:

> Our investigation indicates that the fire loss was incendiary in origin and you [Mr. Harris] were responsible for the fire being set.

---

[1]These facts are gleaned largely from the parties' joint submission of "undisputed material facts" and "narrative statement of the case."  (Doc. 21.)

> Our investigation indicates that you intentionally concealed or misrepresented material facts and circumstances relating to the fire loss of December 3, 2003.

Plaintiff filed suit on December 4, 2003, in the Circuit Court of Jefferson County, Alabama.  Defendant removed the action to this Court in January of 2004.

III.    Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322—23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.    Analysis.

A.    Bad Faith Refusal to Pay.

The first three counts of Plaintiff's complaint allege bad faith refusal to pay a claim under an existing insurance policy.  In order to establish a claim of bad faith refusal to pay under Alabama law, a "plaintiff must show that the insurer lacked *any* legitimate or arguable reason for not paying the

claim." *Nat'l Sec. Fire & Casualty Co. v. Bowen*, 417 So. 2d 179, 185 (Ala. 1982) (emphasis added).  "If [the plaintiff's] evidence fails to eliminate any arguable reason for denying payment, any fairly debatable reason on a matter of fact or a matter of law, he cannot recover under the tort of 'bad faith refusal.'" *Id.*  In fact, a plaintiff's burden is so heavy that, in order "to make out a prima facie case[,] . . . . the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law." *Nat'l Savings Life Ins. Co. v. Dutton*, 419 So. 2d 1357, 1362 (Ala. 1982).  "Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and thus, the legitimacy of the denial thereof, the tort claim must fail."   *Id.*

The parties do not dispute that the fire and explosion at issue in this case were not accidental.  (Doc. 21 at 3.)  State Farm has presented evidence that Mr. Harris had the motive and opportunity to set the fire. (Doc. 26 at 13−17.)[2]  Mr. Harris denies that he set the fire and argues that

---

[2]The Court notes that Plaintiff, by failing to deny any of Defendant's statements of "undisputed facts" pursuant to the Court's initial order (Doc. 5  at 5−6 ) in his response brief, admitted to each and every one of the material facts listed in Defendant's statement of facts (Doc. 25).

he left the house at 5:00 A.M., clocked in at work at 5:32 A.M., and could not have possibly had time to set the fire.  (Doc. 28 at 6.)  State Farm argues that the evidence shows that it takes Mr. Harris about seven to nine minutes to get to work and there are approximately fifteen to seventeen minutes for which Mr. Harris cannot account.  (Doc. 26 at 14.)  Here, the evidence provided by both sides clearly establishes a question of fact with regard to the cause of the fire and the validity of Mr. Harris's insurance claim.

"When a claim is 'fairly debatable,' the insurer is entitled to debate it, whether the debate concerns a matter of fact or law."  *See Nat'l Sec. Fire & Casualty Co.*, 417 So. 2d at 183 (quoting *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So. 2d 916 (Ala. 1981).  Viewing the evidence in a light most favorable to the plaintiff, Mr. Harris has failed to establish a prima facie case and produce any evidence eliminating any arguable reason for State Farm's refusal to pay Plaintiff's claim.  *Id*. at 185.  Therefore, summary judgment is due to be granted in favor of the defendant on Plaintiff's claim of bad faith refusal to pay.

B.    Fraud.

Defendant also moved for summary judgment on Plaintiff's fraud claim (Count VII).  Although Plaintiff included this allegation of fraud in his complaint and the parties' joint status report (Doc. 21), he made absolutely no mention of fraud in his response to Defendant's motion for summary judgment (Doc. 28).  At this stage of the proceedings, a plaintiff must go beyond the pleadings and allegations and point to evidence that supports his claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Plaintiff has not provided this Court with *any* evidence of actionable fraud under Alabama law.  Because Plaintiff has not submitted any evidence from which a reasonable jury could conclude in his favor, Defendant is entitled to summary judgment on Plaintiff's fraud claim.

C.    Negligent Claim Handling.

Defendant has also moved for summary judgment on Plaintiff's assertion of negligent/wanton handling or investigation of an insurance claim (Count V).  (Doc. 26 at 2.)  Plaintiff has conceded that "Defendant is correct in its position that [t]he Alabama Courts have not recognized the tort of negligent claim handling."  (Doc. 21 at 6.)  In fact, the Alabama Supreme

Court has stated that it "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it *will not* recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995).  Therefore, summary judgment is due to be granted in favor of State Farm on Plaintiff's allegation of negligent/wanton handling of an insurance claim.

     D.    Negligent Supervision.

     Defendant has moved for summary judgment on Plaintiff's claim of negligent supervision (Count VI).  Plaintiff has agreed that this claim is due to be dismissed.  (Doc. 28 at 5.)  Therefore, this claim is dismissed with prejudice.

     E.    Fictitious Parties.

     Finally, Defendant has moved for summary judgment on Plaintiff's fictitious party claim (Count VIII).  Because there is no fictitious party practice in U.S. courts, fictitious party actions were dismissed upon entry of this Court's initial order on January 14, 2004.  (Doc. 5 at 8.)  Therefore, Defendant's motion for summary judgment on this claim is moot.

V.    Conclusion.

For the reasons stated above, defendant State Farm is entitled to summary judgment on Plaintiff's claims for bad faith failure to pay (Counts I, II, III), negligent claim handling (Count V), and fraud (Count VII). Defendant's motion as it pertains to Plaintiff's fictitious party claim (Count VIII) is moot because that claim has already been dismissed without prejudice by this Court. Finally, Plaintiff's claim of negligent supervision (Count VI) is due to be dismissed with prejudice by agreement by the parties. Therefore, the only claim remaining in this cause is Plaintiff's allegation of breach of contract (Count IV). A separate order in conformity with this opinion will be entered.

Done this   23rd   day of February 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE